## JOHN HOHENADEL BREWING CO., Inc., v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 9, 1924.)

No. 2989.

1. **Criminal law ⬅878(3)—Verdict of guilty on one count cannot be based on evidence pleaded in support of other counts.**

    Where verdict was guilty on one count and not guilty on other counts, the verdict of guilty must be based on evidence other than that pleaded in support of the other counts.

2. **Intoxicating liquors ⬅236(9)—Evidence of single sale may sustain charge of maintaining nuisance.**

    A single sale or a brief possession, when surrounded by facts showing that the place where the sale was made or possession had was maintained for keeping and selling intoxicating liquor, is sufficient to sustain a charge of maintaining a statutory nuisance.

3. **Intoxicating liquors ⬅236(9)—Evidence held to sustain conviction of maintaining nuisance.**

    Evidence *held* sufficient to sustain a conviction for maintaining a statutory nuisance.

4. **Criminal law ⬅825(2)—Instruction as to statutory nuisance sufficient, in absence of request for fuller instruction.**

    Where, in prosecution for maintaining a nuisance, under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), the judge stated, "The seventh count is what is called a nuisance, in that the place in which there was a violation of law may be found to be a nuisance," and further said, "The final count is maintaining a nuisance; that is to say, that, wherever there are premises maintained for the purpose of illicit traffic in liquor, those premises become—the law pronounces them to be—a nuisance; that is the judgment of the law; it all depends on the other facts," was sufficient; defendant not then objecting that the charge did not cover the essentials.

5. **Criminal law ⬅1039—Charge held to have sufficiently answered question of jury as to conviction on different counts, and answer held to be law of case, in absence of complaint.**

    Judge *held* to have sufficiently answered question of jury, 'If the second, third, fourth, fifth, and sixth counts were canceled, would that eliminate the seventh?" but if the answer was not sufficient, defendant's counsel should have brought such facts as he had in mind to the court's attention, and, having failed to do so, what the judge said is the law of the case.

6. **Criminal law ⬅494—That government agent put mercury in beer samples before analysis held not to destroy effect of evidence.**

    A contention that verdict for maintaining a nuisance cannot be sustained, because samples of beer were "poisoned by a foreign substance placed therein by the government's agent before being analyzed by the government's chemists," is without merit, where the testimony clearly es-

―――――

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tablishes that the substance put into the beer was bichloride of mercury, whose sole action and purpose was to arrest any fermentation after the samples were taken.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

The John Hohenadel Brewing Company, Inc., was convicted of maintaining a common nuisance, and brings error. Affirmed.

William A. Carr and Sidney L. Krauss, both of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and J. Paul MacElree, Asst. U. S. Atty., of Westchester, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On May 19, 1922, a criminal information was filed against the John Hohenadel Brewing Company. It contained seven counts. The first count charged the brewing company with unlawfully manufacturing intoxicating liquor, fit for use for beverage purposes, containing more than one-half of 1 per centum of alcohol by volume on January 1, 1921, and January 6, 1922, and at divers times between those dates. The second, third, fourth, fifth, and sixth counts charged the company with the illegal sales of beer on specific dates to particular individuals. The seventh count charged it with maintaining a common nuisance between January 1, 1921, and January 6, 1922, in that it "maintained a room, house, building, structure, and place where intoxicating liquor fit for use for beverage purposes, to wit, beer, containing one-half of 1 per centum, or more, of alcohol by volume, was manufactured, sold, kept, and bartered." The jury returned a verdict of guilty on the seventh count, and not guilty on the other six counts.

[1] The brewing company contends that the verdict of guilty on the seventh count cannot stand in the face of the verdict of not guilty on the other counts. If the government relies upon the facts charged in the other counts to sustain the verdict of guilty on the seventh count, the judgment cannot stand, for the jury has found as a fact that the company did not commit the acts therein charged and in that case, the verdict, as defendant contends, would be "inexplicable and inconsistent." Facts that have no legal existence may not support a verdict. The verdict of guilty on the seventh count must be based on evidence other than that pleaded in support of the first six counts. Is there such evidence?

It is charged that the defendant made sales on the following dates: In the second and third counts, on January 7, 1922; in the fourth count, on January 5, 1922; in the fifth count, on December 23, 1921; and in the sixth count, on January 9, 1922. The only dates, therefore, alleged in counts from 2 to 6, inclusive, that come within the time covered by the seventh count, January 1, 1921, to January 6, 1922, are found in the fourth and fifth counts. But the verdict of the jury eliminates these from consideration. The same language and identically same dates are used in the first count as to unlawful manufacture as are used in the seventh count as to unlawful manufacture, sale, and

possession, as a basis for the charge of maintaining a nuisance. But, since the jury found in the first count that the defendant did not commit the acts therein charged, they cannot support a verdict in the seventh count. Is there evidence that the company "manufactured, sold, kept, and bartered" beer "on or about January 1, 1921, and January 6, 1922, and at divers times between said dates," without considering the sale charged on January 5, 1922, in the fourth count, and the sale on December 23, 1921, charged in the fifth count? We cannot consider the manufacture of beer within that time because that has been negatived by the verdict in the first count.

[2, 3] Michael O'Brien, who is not mentioned in any of the first six counts, testified that on February 17, 1921, Prohibition Agents Waful and Gilmore took beer from his possession which he had purchased from the defendant a day or two before and that he purchased beer from it every day or two. It is not disputed that these samples of beer contained more than one-half of 1 per centum of alcohol by volume. The sale of the beer to O'Brien by the defendant, of which these samples were a part, was in no way involved in the first six counts, and the trial judge admitted the testimony on the ground that it was "covered" by the "first and last counts." A single sale or a brief possession, when surrounded by facts showing that the place where the sale was made or possession had was maintained for keeping and selling intoxicating liquor, is sufficient to sustain the charge of maintaining a statutory nuisance. Singer v. United States (C. C. A.) 288 Fed. 695; Lewinsohn v. United States (C. C. A.) 278 Fed. 421; Barker v. United States (C. C. A.) 289 Fed. 249. We think the facts surrounding the sale in this case bring it within the rule announced in these cases.

[4] The defendant complains of the action of the trial judge in making the following statement:

"The seventh count is what is called a nuisance, in that the place in which there was a violation of law may be found to be a nuisance."

But the judge further said:

"The final count is maintaining a nuisance; that is to say, that, wherever there are premises maintained for the purpose of illicit traffic in liquor, those premises become—the law pronounces them to be—a nuisance; that is the judgment of the law; it all depends on the other facts."

Under section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), any room, house, or place where intoxicating liquor is sold, kept, or bartered, in violation of the act, is declared to be a nuisance. Selling, keeping, and bartering constitute illicit traffic in liquor. It therefore seems to us that the charge covered the essentials on the subject of nuisance, and, if counsel for defendant had thought that it did not, he should have called the attention of the judge to that fact, and this he did not do.

[5] The jury asked the judge, "If the second, third, fourth, fifth, and sixth counts were canceled, would that eliminate the seventh?" In reply he said:

"You have a right, in a case of this kind, if your judgment is that this defendant manufactured and sold to the several persons, or any of them, men-

tioned in these counts, to find this defendant guilty of the intermediate counts, and not guilty of the first and last counts; or you can find the defendant not guilty on all of the intermediate counts or any one of them. You have control over that. Each count in that indictment you may regard as if it was a separate indictment, for in law that is what it is, and upon that one, separate, distinct charge you may say: 'Our judgment is that the defendant is.guilty of this, and not that.' "

We think that the question was sufficiently answered, but, if it were not, counsel should have brought such facts as he had in mind to the court's attention. This he failed to do, and so what the judge said is the law of this case.

[6] Counsel contends that the verdict cannot be sustained, because the samples of beer were "poisoned by a foreign substance placed therein by the government's agent before being analyzed by the government's chemists." The testimony pretty clearly establishes that the substance put into the beer was bichloride of mercury, whose sole action and purpose were to arrest any fermentation after the samples were taken. There is no evidence whatever to the contrary. We therefore think that this point is without merit.

The judgment of the District Court is affirmed.