## PERU v. UNITED STATES.

## BIRD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
April 6, 1925.)

Nos. 6711, 6712.

**1. Searches and seizures ⬉7—Search for and seizure of articles evidencing crime under control of persons legally arrested not unreasonable.**

Under Const. Amend. 4, where persons are legally arrested, search for and seizure of articles under their control that might be evidence of the crime is not unreasonable.

**2. Arrest ⬉63(3)—Rule as to arrest for misdemeanor without warrant stated.**

To justify arrest for misdemeanor without warrant, it must have been committed in officer's presence, and it is so committed where he can by exercise of his own senses detect it; but mere suspicion is not sufficient.

**3. Intoxicating liquors ⬉249—Statute permitting search of vehicles without warrant not applicable to store, dwelling, or other structure.**

National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), authorizing search without warrant, for intoxicating liquor, of automobiles or other vehicles, is exception to general rule, and does not apply to search of store, dwelling, or other structure.

**4. Searches and seizures ⬉7—Whether search or seizure is unreasonable depends on facts and circumstances of each case.**

Whether search or seizure is unreasonable, within Const. Amend. 4, depends on particular facts and circumstances of each case.

**5. Criminal law ⬉394—Searches and seizures ⬉7—Search of dwelling room and seizure of whisky without warrant held unreasonable, and evidence so secured was inadmissible.**

Search of dwelling room in rear of fruit store without warrant, on information furnished by government witness, who purchased liquor therein, and seizing of whisky therein, were unreasonable, under Const. Amend. 4, and evidence so secured was inadmissible.

**6. Criminal law ⬉878(5)—Verdict of guilty on one count could not be based on evidence set out in other counts.**

Verdict of guilty on one count could not be based on evidence set out in other counts, on which court directed verdict for accused.

**7. Criminal law ⬉1129(1)—Conviction not supported by evidence is error, justifying appellate review without assignment of error.**

Conviction unsupported by evidence presents such palpable error as warrants appellate review, without assignment of error.

**8. Criminal law ⬉861—Permitting jury to smell or taste liquor in evidence held reversible error.**

Permitting jury to smell or taste liquor in evidence *held* reversible error, as making witnesses of jurors.

4 F.(2d)—56

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Dominick Peru and Anton Bird were convicted of violating federal liquor laws, and they bring error. Reversed.

James T. English, of Omaha, Neb., for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Andrew C. Scott, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

Before KENYON, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

KENYON, Circuit Judge. Plaintiffs in error were tried in the District Court of Nebraska, Omaha Division, upon an information in five counts charging violation of the federal law with reference to selling and possessing intoxicating liquor. Plaintiff in error, Dominick Peru, was convicted on all counts. Plaintiff in error, Anton Bird, was acquitted under direction of the court on the first four counts, and the jury returned a verdict of guilty on the fifth.

The facts are few and not intricate. Both Peru and Bird were employed in a fruit store in Omaha, which seems to have been owned by one Bizzari. Government officials, suspicious of the place, arranged to send the government witness, Holloway, into the store for the purpose of purchasing intoxicating liquor. He went there on the 24th day of December, 1923; the government agents remaining about a half block away, having previously given Holloway a marked dollar bill to use in the purchase. After eight or ten minutes in the store, Holloway came out and waved to the parties awaiting his exit. They immediately went into the store, and rushed through it into a back room, where they found plaintiff in error Peru with the marked dollar bill in his possession, which they took. They also found in their search of the room a milk bottle which contained liquor, subsequently introduced in evidence against the plaintiffs in error. The officers had no search warrant, nor any warrant for the arrest of plaintiffs in error. The liquor was found in a separate room in the rear of the store building, which room was apparently the living quarters of Dominick Peru. It contained a bed, chairs, stove, and other furniture incident to such quarters. The officers making the arrest of plaintiffs in error had no information of the presence there of intoxicating liquors, except the communi-

cation to them by Holloway that he had purchased a drink of liquor in the place. Seasonable motion was made on the part of plaintiffs in error to suppress the evidence secured at the time of their arrest in the room in the rear of the store building. During the trial the court permitted the liquor to be passed around among the jury, for them to judge what it was by tasting, smelling, and handling it.

A number of errors are assigned, which raise several important questions, viz.: (a) Was the evidence as to the presence of whisky in the room secured by an unreasonable search and seizure, in violation of the Fourth Amendment to the Constitution? (b) Should verdict have been directed as to defendant Bird on the fifth count? (c) Was it erroneous for the court at the trial to permit counsel for the government to pass the alleged liquor' amongst the jurors, for them to taste, smell, and handle? Other errors assigned we deem unnecessary to consider, in view of our conclusion as to these questions.

As to the first question: Was this search an unreasonable one, within the purview of the Fourth Amendment to the Constitution? Not every search and seizure is unreasonable. The Fourth Amendment provides only against unreasonable searches and seizures. The right of the people to be secure in their homes, places of business, and their persons against unreasonable search and seizure is one of the strongest safeguards of a free citizenship. Our courts have rigidly exercised their power against the ofttimes insidious attempts to undermine and weaken the Fourth and Fifth Amendments to the Constitution.

In Weeks v. United States, 232 U. S. 383, 391–392, 34 S. Ct. 341, 344 (58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), the court said: "The effect of the Fourth Amendment is to put the courts of the United States and federal officials, in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, houses, papers, and effects, against all unreasonable searches and seizures under the guise of law. This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our federal system with the enforcement of the laws."

In Bram v. United States, 168 U. S. 532, 544, 18 S. Ct. 183, 187 (42 L. Ed. 568), the Supreme Court, referring to the Fourth and Fifth Amendments, said "that both of these amendments contemplated perpetuating, in their full efficacy, by means of a constitutional provision, principles of humanity and civil liberty, which had been secured in the mother country only after years of struggle, so as to implant them in our institutions in the fullness of their integrity, free from the possibilities of future legislative change." See, also, Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Silverthrone Lumber Co., Inc., et al. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Veeder v. United States, 252 F. 414, 164 C. C. A. 338; Dukes v. United States (C. C. A.) 275 F. 142; Agnello et al. v. United States (C. C. A.) 290 F. 671; Murphy v. United States (C. C. A.) 285 F. 801.

[1] In the worthy and laudable effort to enforce and give effect to the Eighteenth Amendment to the Constitution, the force of other amendments thereto should not be minimized. It is fully as important to enforce the Fourth and Fifth Amendments to the Constitution as it is to enforce the Eighteenth Amendment. If the arrest of plaintiffs in error here was with legal authority, then the search for and seizure of articles under their control that might be evidence of the crime was not unreasonable.

[2] It is the generally accepted law that, to justify an arrest for a misdemeanor without a warrant, it must have been committed in the presence of the officer, and that it is so committed when he can by the exercise of his own senses detect the same. It is undisputed that the crime for which plaintiffs in error were arrested was a misdemeanor.

In the very late case of Carroll and Kiro v. United States, 45 S. Ct. 280, 69 L. Ed. —— (opinion filed by the Supreme Court March 2, 1925), the court said: "The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony, and that he may only arrest without a warrant one guilty of a misdemeanor if committed in his presence. * * * When a man is legally arrested for an offense, whatever is found upon his person or in his control which it is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution." Green et al. v. United States

(C. C. A.) 289 F. 236; Welsh v. United States (C. C. A.) 267 F. 819; Donegan v. United States (C. C. A.) 287 F. 641; Elrod v. Moss et al. (C. C. A.) 278 F. 123; United States v. Borkowski et al. (D. C.) 268 F. 408.

A mere suspicion is not sufficient upon which to base an arrest for a misdemeanor without a warrant. United States v. Slusser (D. C.) 270 F. 818. In Garske v. United States, 1 F.(2d) 620, 625, we said: "The proper test, supported by the great weight of authority, by which this case should be decided is, were the circumstances presented to the officers through the testimony of their senses sufficient to justify them in a good-faith belief that plaintiff in error was in their presence transporting liquor in violation of law or that he had in their presence liquor in his possession in violation of law? In other words, was there probable cause for them to so believe, or were the facts sufficient to give rise merely to a suspicion thereof? If the former the arrest was legal and the evidence secured by it admissible. If the latter, the arrest was illegal, and the evidence obtained not admissible."

In Carroll et al. v. United States, supra, the Supreme Court has recognized a distinction as to what will constitute unreasonable searches and seizures in the case of a store, dwelling house, or other structure, and in the case of a ship, automobile, or other moving vehicle, saying: "We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

The court makes the test of the right to search an automobile for intoxicating liquor without a warrant, and to seize the same if found, the reasonable cause the officer has for belief that the automobile is transporting liquor in violation of law, and in speaking of the justification of officers for such search and seizure, says: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause; that is, upon a belief, rea-

sonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens."

Prior to this decision many courts had drawn the same distinction in cases involving the right of search of an automobile supposed to be engaged in transporting intoxicating liquor. 33 C. J. p. 678, § 376; Lambert v. United States (C. C. A.) 282 F. 413; United States v. Bateman (D. C.) 278 F. 231; Park v. United States (C. C. A.) 294 F. 776; Milam et al. v. United States (C. C. A.) 296 F. 629; Houck v. State, 106 Ohio St. 195, 140 N. E. 112.

[3] Under the decision of the Supreme Court, therefore, in Carroll v. United States, supra, an exception to the general rule as to search and seizure without warrant must be recognized as established, in case of an automobile or other moving vehicle. This is in keeping with section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), which provides for the search for intoxicating liquor of a wagon, buggy, automobile, or other vehicle. This doctrine, however, so announced by the Supreme Court, is limited to the instrumentalities suggested, and does not apply to the search of a store, dwelling house, or other structure.

[4] No general rule can be laid down to determine whether the Fourth Amendment has been violated. Each case must be determined upon its particular facts and circumstances, the test being whether, under the evidence, the search or seizure were unreasonable. Lambert v. United States (C. C. A.) 282 F. 413; Agnello et al. v. United States (C. C. A.) 290 F. 671.

[5] There would have been no difficulty in the present case in securing a search warrant and making a proper and legal search of this room, which was apparently occupied as the dwelling room of plaintiff in error Peru. The only information the officers had as to liquor was what was told them by Holloway. Could it be contended that, if Holloway had gone to the officers the next day and told them there was liquor in the living room of Peru, the officers would have been justified in going to the room, searching it without a warrant, arresting Peru with-

out a warrant, taking what evidence they might have found there in a search of the room, and using it against him in the trial? Whatever crime he had committed was a misdemeanor, and it was not committed in the presence of the officers. In making the search they relied on what they had been told by Holloway. If the inhibition of the Fourth Amendment does not protect against a search and seizure of this character, it is reduced to idle words. In the introduction of the evidence so secured constitutional rights were violated.

[6] The court instructed a verdict as to plaintiff in error, Bird, on the first, second, third, and fourth counts, charging sales and possession of intoxicating liquor, and the jury found Bird guilty on the. fifth count, charging the maintenance of a common nuisance in the control and management, in conjunction with Bizzari and Peru, of a fruit store where intoxicating liquors were kept, etc. If the government relies on the facts stated in the first four counts to sustain the fifth count, the judgment cannot stand. The verdict as to that count must be supported by evidence other than the facts set out in the first four counts. Hohenadel Brewing Co., Inc. v. United States (C. C. A.) 295 F. 489.

The first count charges a sale unlawfully of intoxicating liquor on the 23d of December, 1923.

The second count charges a sale on the 24th of December, 1923. The third count also charges such a sale on December 24, 1923. The fourth count charges unlawful. possession of such liquor on December 24, 1923.

The only evidence we find in this record as to sales by Bird of intoxicating liquor is of December 23, 1923. The jury, however, has found him not guilty of such sale. Sale and possession of liquor on December 23 and 24, 1923, are by the verdict of the jury eliminated from consideration. There is no evidence whatsoever here outside of the facts charged in some of the first four counts of the information to sustain the verdict against Bird under the fifth count. Even were the evidence secured by search and seizure of Peru's room admissible, we do not find anything in the record to connect Bird with the control or management of the place, or with the sale or possession of liquor, in view of the jury's finding exonerating him from the charge of selling or possessing unlawfully intoxicating liquors.

[7] The motion to instruct a verdict as to Bird on count 5 made at the close of government's case, should have been sustained. Whether this was waived by proceeding with the defense and the failure to renew the motion at the close of the evidence need not be determined, as a conviction of crime with no evidence to support it whatever presents upon the whole record such a palpable and manifest error as warrants the appellate court in considering it, even if there be no assignment of such error, as is contended here.

[8] As to the question of permitting the liquor to be passed to the jury to be tasted by them, this court in Gallaghan v. United States (C. C. A.) 299 F. 172, condemned the practice. It makes witnesses of the jurors. Outside of the other questions, this would be error sufficient to require a reversal of the case.

As to both plaintiffs in error, therefore, these cases must be reversed and remanded for further proceedings in harmony with this opinion; and it is so ordered.

Reversed.