**BOYLE v. UNITED STATES, and seven other cases.**

Circuit Court of Appeals, Eighth Circuit.
October 15, 1927.

Nos. 7640–7647.

1. **Criminal law ⬅878(4)—Verdict acquitting defendants on count charging conspiracy to maintain nuisance, and convicting them on count charging them with "knowingly" maintaining nuisance, held inconsistent.**

Where one count charged defendants with conspiracy to maintain a nuisance, and another count with "knowingly" maintaining the nuisance, a verdict of acquittal on the first count, and of conviction on the second, *held* inconsistent.

2. **Criminal law ⬅878(3)—Verdict of conviction must be supported by evidence other than facts pleaded in other counts, on which defendants were acquitted.**

Where there is a verdict of acquittal on one or more counts of an indictment, and of conviction on another count, the verdict of conviction will not be allowed to stand, unless supported by evidence other than the facts pleaded in support of the counts on which there was acquittal.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Criminal prosecutions by the United States against Patrick Boyle, against Joseph Jacobs, against Harry Markel, against Clarence Christopher (indicted as John Francis), against James Trolen Hendricks (indicted as James Trolen), against Sam Ziegman, against Jacob Crounse, and against Patrick C. Gaughan. Judgment of conviction, and defendants separately bring error. Reversed.

E. D. O'Sullivan and David A. Fitch, both of Omaha, Neb. (Charles J. Southard and Ralph West, both of Omaha, Neb., on the brief), for plaintiffs in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (Ambrose C. Epperson, Asst. U. S. Atty., of Omaha, Neb., Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., William J. Froelich, Asst. U. S. Atty., of O'Neill, Neb., and George A. Keyser, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

BOOTH, Circuit Judge. Plaintiffs in error were defendants below, and will be so designated here. The indictment under which they were convicted contained eight counts. The first charged that "on or about September 10, 1925, and continuously until October 9, 1925, at Omaha, Nebraska, * * *" defendants (naming them) "did knowingly, willfully, and unlawfully combine, conspire, and agree together to commit certain offenses against the United States; that is to say, * * * to unlawfully sell intoxicating liquor and to unlawfully maintain a place where intoxicating liquor would be sold and kept for sale. * * *" Seven overt acts were set out: A leasing of certain described premises; an application for a license to sell soft drinks; the installation of a bar; a sale of intoxicating liquor by one of the defendants to a named person; possession of intoxicating liquor by all of the defendants on the premises on a named date; that all of the defendants during the latter part of the conspiracy period at the premises before described "did * * * unlawfully operate and maintain a place where beer, gin, alcohol, and whisky were sold and kept for sale"; the presence of two of the defendants behind the bar, and work done by them there on a specified date. Counts 2 to 7, inclusive, alleged specific sales of intoxicating liquor by all of the defendants on the premises to specified persons on specified dates. One of these sales was the same as the sale set up as an overt act. The eighth count alleged that at a specified time, within the conspiracy period, all of the defendants (naming them) did at the premises before described "unlawfully, willfully and *knowingly* maintain a common nuisance; that is to say, * * * did unlawfully possess, control, manage, operate, and maintain a place [specifying the same premises] where intoxicating liquor * * * was kept for sale and sold."

Upon the trial the jury by its verdict found all of the defendants not guilty upon the first or conspiracy count, all of the defendants not guilty upon each of the sales counts, and all of the defendants guilty upon the eighth or nuisance count. Apparently, though the record is not entirely clear, the court directed a verdict in favor of certain defendants upon certain of the sales counts.

Motion in arrest of judgment was made on various grounds, among them that the finding of the jury upon the eighth count was wholly inconsistent with its finding upon the other counts, and especially upon the first or conspiracy count, and that there was no evidence to support the finding on the eighth count, other than the facts alleged in support of the other counts, and especially the first or conspiracy count; that the jury

having found all of the defendants not guilty upon the first seven counts, the facts pleaded in support of these counts should be eliminated, when considering the eighth count; and that, if this were done, there was no legal evidence left to support the verdict on the eighth count. The motion was overruled. Separate writs of error were sued out, but the record is common to all.

A number of specifications of error are relied upon by defendants. We find it necessary to consider only the one which challenges the overruling of the motion in arrest of judgment.

[1] Two questions are presented: First, whether there was any inconsistency in finding defendants not guilty upon the first seven counts and guilty upon the eighth; second, whether, if there was such inconsistency, the verdict upon the eighth count should nevertheless stand.

In considering these two questions, it should be noted that the first or conspiracy count charged an agreement (1) to sell; (2) to maintain a nuisance—i. e., to unlawfully maintain a place where intoxicating liquor should be sold and kept for sale; and that one of the overt acts set out in connection with the conspiracy count was the maintaining of such nuisance. Under the conspiracy count, therefore, there was required (1) evidence, direct or circumstantial, of an agreement, express or tacit; (2) evidence of the scope of the agreement (a) unlawfully to sell intoxicating liquor, or (b) unlawfully to maintain a place where intoxicating liquor was sold or kept for sale; (3) evidence of one or more of the overt acts alleged.

By its verdict, the jury must have found, either that there was no agreement to do either of the acts charged, or that no one of the overt acts was proved, and, as above stated, one of the overt acts alleged was the maintenance of a nuisance.

The eighth count, also, itself charged that defendants "did * * * *knowingly* maintain a common nuisance; that is to say, * * *." This was clearly a charge of concerted action; in other words, of an agreement tacit or express among the defendants. By that part of its verdict covering the eighth count, the jury found that the nuisance was maintained by all of the defendants. In thus finding under the eighth count that all of the defendants *knowingly* maintained the nuisance, the jury necessarily found that there was an agreement among defendants to maintain the nuisance, since under the evidence disclosed by the record, it is unthinkable that eight men should for a period of time have knowingly maintained and operated the place where intoxicating liquor was sold and kept for sale, without some kind of an agreement among themselves.

We have, then, under the eighth count an affirmative finding by the jury on the two elements, of agreement and maintenance of the nuisance; and under the first count a negative finding by the jury of one or both of the same elements. We are forced to the conclusion that the verdict was inconsistent. [2] The second question remains. Notwithstanding the inconsistency, can the verdict as to the eighth count stand?

There exists diversity of opinion among the various federal courts as to the effect of an inconsistent verdict, where there are different counts in an indictment. On the one hand, it has been held that, where a jury convicts upon one count and acquits upon another, the conviction will stand, though there is no rational way to reconcile the two conflicting conclusions. Such is apparently the holding in the Second, Sixth, and Seventh circuits. Marshallo v. United States, 298 F. 74 (C. C. A. 2); Steckler v. United States, 7 F.(2d) 59 (C. C. A. 2); Seiden v. United States, 16 F.(2d) 197 (C. C. A. 2); Gozner v. United States, 9 F.(2d) 603 (C. C. A. 6); Carrignan v. United States, 290 F. 189 (C. C. A. 7).

On the other hand, it has been held under similar circumstances that the conviction will not be allowed to stand, unless the verdict of conviction is supported by evidence other than the facts pleaded in support of the counts upon which acquittal has been had. This is the view adopted in this circuit and apparently in the Third. Peru v. United States, 4 F.(2d) 881 (C. C. A. 8); Murphy v. United States, 18 F.(2d) 509 (C. C. A. 8); John Hohenadel Co. v. United States, 295 F. 489 (C. C. A. 3).

In Peru v. United States, supra, page 884, this court, speaking by Judge Kenyon, said:

"The court instructed a verdict as to plaintiff in error, Bird, on the first, second, third, and fourth counts, charging sales and possession of intoxicating liquor, and the jury found Bird guilty on the fifth count, charging the maintenance of a common nuisance in the control and management, in conjunction with Bizzari and Peru, of a fruit store where intoxicating liquors were kept, etc. If the government relies on the facts stated in the first four counts to sustain the fifth count, the judgment cannot stand. The verdict as to that count must be supported by evidence other than the facts set out in the

first four counts"—citing the Hohenadel Case.

In Murphy v. United States, supra, page 511, this court, speaking by Judge Van Valkenburgh, said:

"The rule in the Third circuit differs from that announced in the Second and Sixth circuits. It is there held that where there is a verdict of guilty on one count, and of not guilty on other counts, the verdict of guilty must be based on evidence other than that pleaded in support of the other counts. John Hohenadel Brewing Company v. United States (C. C. A. 3) 295 F. 489. This rule has likewise been adopted in this circuit. Peru v. United States (C. C. A.) 4 F.(2d) 881–884."

It would serve no useful purpose at this time to review the cases, rehearse the arguments, or analyze the logic relative to the two divergent views. The ground has been thoroughly covered by Judge Van Valkenburgh in the opinion in the Murphy Case. We adhere to the rule announced in that case and in the Peru Case.

An examination of the record in the case at bar discloses that there was no substantial evidence to support the verdict of guilty upon the eighth or nuisance count, other than that tending to prove the facts alleged in support of the first count (the conspiracy count), and other than that tending to prove the facts alleged in support of the second, third, fourth, fifth, sixth, and seventh counts (the sales counts). But, there having been an acquittal upon all of those counts, the verdict upon the eighth count cannot stand, unless supported by other evidence, under the rule announced in this circuit. Since there was no other evidence, the verdict upon the eighth count was without legal evidence to support it, and for that reason the judgment as to that count must be reversed.

It is so ordered.