## MACKLIN v. UNITED STATES.
### No. 7843.

Circuit Court of Appeals, Ninth Circuit.
Nov. 12, 1935.

---

4 See note 3, supra.

Lewis & Church, of Port Angeles, Wash., Harry S. Redpath, of Seattle, Wash. (Winter S. Martin, of Seattle, Wash., of counsel), for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant was indicted, in two counts, for violation of sections 404 and 1181 of title 26, U. S. C. (26 USCA §§ 404, 1181), and, after plea of not guilty, was found guilty under count 1, which concerned section 404, and not guilty under count 2, which related to section 1181.

Two investigators of the Alcohol Tax Unit of the Internal Revenue Department, each of whom testified, had received information that liquor would be transported to 424 East 11th street, in Port Angeles, Wash., on a certain date. They parked their automobile in the vicinity of an alley in the rear of said premises and waited. They observed two automobiles, one following the other, enter the alley in the rear of the premises. Appellant, Macklin, was driving one of the cars. The investigators followed and came to a stop a few feet to the rear of the Macklin car, from which the defendant had just alighted, carrying a carton containing empty one gallon jugs. The agents looked into Macklin's car and saw some other cartons and bottles and placed Macklin under arrest. Search of his car revealed five or six empty one gallon jugs and three full one gallon jugs containing alcohol whisky and which bore no tax stamp, receipt, mark, or label. The defendant did not testify and did not offer any testimony.

Motions for directed verdict, seasonably made, were denied by the court. Defendant requested three instructions, none of which were given. His first assignment of error is directed to the denial by the court of his motion for directed verdict; his second to the refusal of the court to give requested instructions. The last assignment is directed to the denial of "defendant's motion for a new trial and in arrest of judgment."

Assignment of error II does not comply with our rule 11, in that the requested instructions are not set out "totidem verbis." Therefore, this assignment must be disregarded. However, this ruling occasions no hardship as these instructions, which were for direction to the jury to find defendant not guilty, present the same legal question covered under assignment I.

The appellant contends that inasmuch as the bottles or jars containing the whisky were of but one gallon capacity, they were not required to be stamped as would have been the case had there been five gallons or more of the spirituous liquor in a container. He asserts that the burden was on the government to prove that the liquor was not tax paid and that that burden was not carried, and cites Dukes v. United States, 275 F. 142 (C. C. A. 4), and Hester v. United States, 284 F. 487 (C. C. A. 4).

Section 267 of title 26, U. S. C. (26 USCA § 267), provides that "no person shall * * * transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits." "As distilled spirits are taxable, and since, regardless of the amount of the contents of the container, there is no longer a presumption that the tax has been paid, the burden of showing payment of the tax is on the defendant." Queen v. United States, 64 App. D. C. 301, 77 F.(2d) 780, 783, citing Hester v. United States, supra, 284 F. 487, at pages 488, 489, where it is said: "If the quantity had been greater than five gallons, the absence of stamps

showing payment of the tax would place upon the accused the burden of showing that the tax had been paid." The testimony of the arresting officers shows that the containers bore no tax stamp, receipt, mark, or label of any kind, and defendant did not testify, nor did he offer any evidence that the tax had been paid. "The purpose of the stamp is to show that the tax has been paid on the distilled spirits in the particular container. The presence of a stamp on the container would be prima facie evidence of payment; lack thereof places the burden on the defendant to account for its absence." Queen v. United States, supra, 64 App. D. C. 301, 77 F.(2d) 780, at page 783.

Appellant's other point is that "the verdict of not guilty on Count II was in legal effect an acquittal of Count I because the same proof was required to support each of the two counts." This point is without merit, as may be seen by an inspection of the section upon which each count of the indictment is based. Section 404, of title 26, U. S. C. (26 USCA § 404), under which count I of the indictment was found, provides a penalty for any person who removes or conceals any distilled spirits upon which the tax has not been paid, to a place other than a bonded warehouse provided by law. Section 1181 of the same title (26 USCA § 1181) provides as follows: "And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, *with intent to defraud the United States of such tax or any part thereof,* shall be liable to a fine or penalty of not more than $500." (Italics ours.) The gist of the offense under section 1181 is the intent to defraud the United States of such tax, while the element of fraud is not present in section 404. It is the removal or concealment of distilled spirits which is forbidden by section 404. Each offense requires a different proof, therefore, the acquittal on one count would not bar a verdict of guilty and conviction on the other. " 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' " Blockburger v. United States, 284 U. S. 299, 304, 52 S. Ct. 180,

182, 76 L. Ed. 306. Evidence sufficient for conviction under the first charge would not have convicted under the second. See Gavieres v. United States, 220 U. S: 338, 342, 343, 31 S. Ct. 421, 55 L. Ed. 489. It was said in Morgan v. Devine, 237 U. S. 632, 641, 35 S. Ct. 712, 715, 59 L. Ed. 1153, that "the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

The verdicts are not inconsistent, but had they been so, that fact, standing alone, would not render the verdict of guilty under the first count invalid. This court said in Bilboa et al. v. United States, 287 F. 125, 127: "It was the duty of the jury to return a verdict upon each count of the indictment, and the fact that it found the defendants not guilty on one count does not render conviction in the other invalid." And the Second Circuit has said, in Seiden v. United States (C. C. A.) 16 F.(2d) 197, 198: "We have held that, when a jury convicts upon one count and acquits upon another the conviction will stand, though there is no rational way to reconcile the two conflicting conclusions."

We are aware that there has been a difference of opinion between certain Circuits on the question of consistency. The Third and Eighth Circuits hold that where the same facts are relied upon to support a conviction on both counts and a verdict of not guilty is returned on one count and guilty on the other, the latter verdict will not be allowed to stand. See Speiller v. United States, 31 F.(2d) 682 (C. C. A. 3); Boyle v. United States, 22 F.(2d) 547 (C. C. A. 8). On the other hand, the Second, Sixth, and Seventh Circuits have apparently adopted the view we have taken. See Boyle v. United States, supra, 22 F.(2d) 547, at page 548. The Supreme Court has ruled on the question, Dunn v. United States, 284 U. S. 390, 393, 52 S. Ct. 189, 190, 76 L. Ed. 356, 80 A. L. R. 161:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it were a separate indictment. * * * If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded

as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold."

Judgment affirmed.