### DAVIS v. UNITED STATES. *
#### No. 8113.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1936.

Clifford E. Hay, of Thomasville, Ga., and Lee W. Branch, of Quitman, Ga., for appellant.

T. Hoyt. Davis, H. G. Rawls, Asst. U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., all of Macon, Ga.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The indictment contains fifteen counts, of which the first was stricken on demurrer and the others held good. The verdict was guilty on counts 12, 13, 14, and 15, and not guilty on counts 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11. The judge sentenced generally to imprisonment in a penitentiary for two years and to pay a fine of $100. The twelfth count charged a conspiracy, and by itself would support the sentence. It will suffice to examine the trial as touching this count. While it is assigned as error that the evidence did not warrant the verdict, no motion to the court for an instructed verdict appears so as to raise that question. We have, however, looked into the evidence far enough to see that there was substantial evidence of guilt and mainly a question of the veracity of witnesses. A

*Rehearing denied Dec. 12, 1936. Writ of certiorari denied 57 S. Ct. 433, 81 L. Ed. ——.

demurrer questioned count 12 as not sufficiently specific, and a motion to arrest judgment asserted that it was so constructed as not to charge any overt acts and that the verdict was so repugnant to itself as to be void.

■ The twelfth count charges a conspiracy on a named date in the Valdosta Division of the Middle District of Georgia between the defendant and other named persons "unlawfully within the jurisdiction aforesaid to transport, sell and transfer certain distilled spirits, to-wit whiskey, the immediate container of which should not and did not then and there have affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits; and unlawfully within the jurisdiction aforesaid to remove, deposit and conceal certain goods and commodities, towit a large quantity of whiskey, for and in respect of which a tax is imposed, with intent to defraud the United States of such tax; and unlawfully within the jurisdiction aforesaid to carry on the business of a retail liquor dealer without having first paid the special tax as required by law; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States. Overt Act One. In furtherance of the said conspiracy and to effect the object thereof the said defendant on or about the 11th day of March, 1934, in Thomas County, within the Valdosta Division of the Middle District of Georgia, did receive from the said Henry W. Grimsley $60.00 in money." Five other overt acts are similarly charged. The special demurrers complain that sufficient details of the conspiracy are not given, nor any facts to identify the transportation, possession, or sale of the liquor or the container of the liquor, or when, where, or by whom the whisky was removed or concealed, or in what way defendant was carrying on a retail liquor business, seeing that Georgia is a dry state and no such business there could be taxed by the United States; the allegations of the overt acts are averred to be insufficient as not showing how they were in furtherance of the conspiracy. We think the conspiracy, which is the gist of the offense, is sufficiently stated. The time, place, and persons concerned are set forth, and the purpose of it is alleged to be unlawfully to do acts in reference to whisky

which the court judicially knows would be a violation of three statutes of the United States, it being indeed alleged that the acts were contrary to the form of the statute. A greater particularity is not necessary and may be impossible. It may be that no particular whisky in any particular containers was contemplated in forming the conspiracy, but any whisky in any sort of containers that might come to hand. Overt acts need not be pleaded with the fullness that would be necessary if they were themselves charged as crimes. They need not in themselves be criminal. The mere receipt of money ordinarily is not, but, if done to further an unlawful conspiracy, it completes that crime. The indictment need not explain how the money was to be used or how its receipt tended to carry out the conspiracy. That is matter of proof. The allegations are sufficient on their face. Gantt v. United States (C. C.A.) 108 F. 61. If the defendant was really in doubt as to what transactions were to be proven against him, he should have asked a bill of particulars. We see no indication of surprise in the trial.

■ Arrest of judgment was sought on the ground that the twelfth count is closed by the words "contrary to the peace and dignity of the United States," and that the sentences headed "Overt Act One," "Overt Act Two," etc., are no parts of the count, so that no overt acts are charged in it and by consequence no crime. We think that all that is included between the heading "Count Twelve" and the heading "Count Thirteen" is plainly a part of count 12. The defendant in demurring so thought, for he "demurs to alleged Overt Acts One, etc., of count twelve." The words "contrary to the peace and dignity of the United States" are not essential to an indictment, Frisbie v. United States, 157 U.S. 160, 161, 15 S.Ct. 586, 39 L.Ed. 657, and their insertion at an unusual place will not invalidate it.

■ The repugnancy in the verdict grows out of the fact that counts 13, 14, and 15 allege substantive offenses of possessing unstamped whisky, selling it, and carrying on a retail liquor business without a license alleged in general terms, and the jury found the defendant guilty of them; whereas in prior counts the very same offenses were alleged in the same terms except a difference of a few weeks in the date, and the verdict was not guilty on them. The argument is that on such general counts

proof relating to any and all dates within the statute of limitations would be admissible, so that a verdict of not guilty acquits of all such acts within the statute of limitations and might be pleaded as a former acquittal. But these are counts in a single indictment submitted in one trial. There is but one jeopardy, so that a second jeopardy is not involved. Nor can former acquittal be urged; indeed, the way the verdict reads the conviction came first. We think the reasonable construction of the whole verdict is that the jury, having first convicted the defendant of these three offenses on the thirteenth, fourteenth, and fifteenth counts, declined to convict him again on the other equivalent counts. Compare Seiden v. United States (C.C.A.) 16 F.(2d) 197; Steckler v. United States (C.C.A.) 7 F.(2d) 59; Macklin v. United States (C.C.A.) 79 F.(2d) 756, 757. After all, the twelfth count has no twin. There is no acquittal opposing the conviction on it. We find no sufficient reason for reversal, and the judgment is affirmed.