**UNITED STATES v. NOBLE et al.**
No. 199C.

District Court, W. D. New York.
March 22, 1937.

Michael Serody, of Philadelphia, Pa., and Robert J. Lansdowne, of Buffalo, N. Y., for Joseph Girard.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., by Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., and R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y.,

KNIGHT, District Judge.

The indictment herein charges ten several defendants with the crime of conspiring to commit, with intent to defraud the United States, certain offenses against the United States. Defendants Mandl, Samschick, Girard, Gellack, and the Overland Motor Freight Company (a corporation) move to quash the indictment upon various grounds. These in substance are that the indictment fails to charge any crime against the defendants; that the indictment upon the face thereof is vague, indefinite, and ambiguous; and that the various "overt acts" set up in the indictment are insufficient as such. Except as to the charge against the defendant Overland Motor Freight Company, all of the grounds relate to the insufficiency of the indictment as respects the allegations of the so-called "overt acts."

The indictment charges that the defendants conspired to commit these offenses, to wit: The securing, withdrawing, and removing from a licensed industrial alcohol and denaturing plant tax free of certain alcohol subject to tax, for use for other than industrial purposes; falsely and fraudulently executing and signing certain documents required by the provisions of the internal revenue laws and the rules and regulations made in pursuance thereof; and knowingly, unlawfully, and fraudulently delivering or causing to be delivered certain shipments of alcohol subject to tax from an industrial alcohol plant by delivering or causing to be delivered said shipments to a person or persons other than a person to whom said alcohol had been consigned.

The indictment alleges that, in furtherance of the conspiracy, defendant Noble applied for a permit to withdraw specially denatured alcohol, under the provisions of the National Prohibition Act (27 U.S.C.A. § 1 et seq.), to be used in the manufacture of white distilled vinegar; that defendant Noble later applied for and obtained the renewal of a permit issued to him under the statute to withdraw tax free specially denatured alcohol to be used in the manufacture of white distilled spirits; defendant Noble later applied for and obtained the renewal of the permit hereinbefore mentioned; that later defendant Noble again applied for and obtained renewal of the permit aforesaid, and that in November, 1932, and in February, 1935, he applied for the withdrawal and withdrew tax free 191,140 wine gallons of specially denatured alcohol to be used in the manufacture of white distilled vinegar; that as part of the conspiracy defendant Noble caused quantities of such alcohol to be transported from Philadelphia, Pa., to Clyde, N. Y.; that defendant Noble hired the Overland Motor Freight Company to transport quantity of such alcohol by means of such company's trucks; that such company then being bonded and licensed to transport and haul specially denatured alcohol; that in furtherance of the conspiracy the defendants diverted large quantities of such specially denatured alcohol to purposes other than the manufacture of white distilled vinegar and that the defendants neglected to pay the tax imposed by law upon the specially denatured alcohol diverted as hereinbefore stated; that as part of the conspiracy defendant Noble prepared and caused to be prepared and forwarded to the District Supervisor of the Bureau of Industrial Alcohol, Treasury Department of the United States, and to the Supervisor of the Alcohol Tax Unit, reports signed and sworn to by him which were false in that they purported to show that the aforesaid denatured alcohol was actually received and used in the manufacture of white distilled vinegar; that defendant Williams, an inspector and storekeeper-gauger in the Bureau of Industrial Alcohol, Treasury Department of the United States and in the Alcohol Tax Unit, as part of the conspiracy, prepared and submitted under oath false reports purporting to show the alcohol was received and that he supervised the unloading of the aforesaid alcohol and that such report was false and all this was done in furtherance of the conspiracy; that, as part of the conspiracy, defendant Noble was to cause records and books to be made, prepared, and kept at his plant purporting to show sales of white distilled vinegar to various persons, when in fact such sales were not made and that to further the conspiracy the Overland Motor Freight Company, president, defendants Mandl, Samschick, secretary-treasurer, Girard and Gellack, employees of said corporation, made false and fictitious entries in the books and records of the said Overland Motor Freight Company as regards the transportation and delivery of the alcohol aforesaid.

The charging part of the indictment sets out at great length and in great detail the matters claimed to constitute the crime charged in statements of facts as well as references to the particular statutes involved. Section 1181, title 26 U.S.C., 26 U.S.C.A. § 1181, (now section 1441), fixes a penalty for the removal of commodities in respect whereof any tax is imposed with intent to defraud the United States; section 1183, title 26 U.S.C.A. (now section 1693(a), fixes a penalty for falsely or fraudulently procuring the execution or signing of any permit; section 388, title 18 U.S.C.A. (18 U.S. C.A. § 388), prohibits any person from knowingly delivering any spirituous liquors from one state to another state to any person other than the one to whom it was consigned, except upon a written order by a bona fide consignee; section 85, title 27 U.S.C.A., prohibits the unlawful operation of industrial alcohol or denatured plant without complying with the law and regulations made pursuant to law and the withdrawal to secure tax free any alcohol subject to tax; section 3177, R.S. (now title 26, § 1501 U. S.C.A.), fixes the penalty for refusal to permit the entry for examination of articles subject to the tax; section 3169, R.S. (now section 1828(e), U.S.C.A.), fixes the liability of a revenue officer or agent for violation of his duties as such; and section 15, title 3 (26 U.S.C.A. § 1322), prohibits the unlawful use or concealment of denatured alcohol. All of the above-cited statutes are alleged to have been violated.

The statute (section 1511(a) (1), title 26 U.S.C., 26 U.S.C.A. § 1511(a) (1), requires that a person liable to pay a tax shall make a "list or return" to the collector showing the articles or objects charged with the tax, according to forms and regulations to be prescribed by the Commissioner with the approval of the Secretary. Introductory

to all of the overt acts set up in the indictment, it is averred that certain of the conspirators at times and places mentioned "did do certain acts to effect the object of said unlawful and felonious conspiracy, combination, confederation and agreement, that is to say:" and then follows twenty-six alleged overt acts. This is equivalent to reciting that they were done in furtherance of the conspiracy.

In each of such alleged overt acts No. 1 to No. 19, inclusive, it is alleged that the defendant Noble did "execute and sign a document required by the provisions of the Internal Revenue Laws, and the rules and regulations made in pursuance thereof, to wit, the report sworn to on the ——— day of ——— on form 1482, which purported to show for the ——— of ——— the amount of denatured alcohol received and used at his plant in the Village of Clyde, N. Y., as follows:" The charging part of the indictment recites that the reports were false. In none of such alleged overt acts is it averred that Noble made any "list or return" to the collector showing the articles or objects charged with the tax.

The moving defendants claim that the averments in No. 1 to No. 19, inclusive, in this respect are insufficient. In an indictment charging conspiracy, it is necessary to set up some act done to effect the object of conspiracy. Section 88, title 18, U.S.C. (18 U.S.C.A. § 88). This is termed an "overt act." Whether defendants, or any of them, made any "list or return" to the collector is not a necessary element of the crime charged. Men may conspire to steal. They may not steal pursuant to an agreement or understanding so made, yet they would be guilty of the crime of conspiracy. So far as the overt act is concerned, it is necessary only to aver some act which constitutes a part of the conspiracy. So whether it is averred the report was actually made to the collector is not material. Acts which establish the offense of making a false report to the collector may be distinct from acts done with the purpose to make such report. As heretofore noted, the charging part of the indictment recites that the defendants conspired, combined, and federated and agreed together "to commit with intent to defraud the United States certain offenses against the United States." Were the defendants charged with the substantive offenses, it is unquestionably the rule of law that every element of the crime must

have been alleged. It does not apply here. Some element only need be averred.

"It should be borne in mind that the offense which it is charged the appellants conspired to commit need not be stated with that particularity which would be required in an indictment charging the offense itself." Craig v. United States (C.C.A.) 81 F.(2d) 816, 821.

"It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, Williamson v. United States, 207 U.S. 425, 447, 28 S. Ct. 163, 52 L.Ed. 278, or to state such object with the detail which would be required in an indictment for committing the substantive offense." Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 301, 71 L.Ed. 545.

In United States v. Austin-Bagley Corporation (C.C.A.) 31 F.(2d) 229, 232, it was said: "Hence the indictment laid a crime, regardless of whether there can be spelled from it a charge of selling specially denatured alcohol for beverage purposes, which perhaps we might not be able to do even under § 32 of Title 2 (27 U.S.C.A. § 49). The overt acts need not themselves be crimes, when broken from their context. Felder v. United States, 9 F.(2d) 872, 874 (C.C.A.2)."

In Davis v. United States (C.C.A.) 86 F.(2d) 45, 46, it was said: "Overt acts need not be pleaded with the fullness that would be necessary if they were themselves charged as crimes. They need not in themselves be criminal. The mere receipt of money ordinarily is not, but, if done to further an unlawful conspiracy, it completes that crime. The indictment need not explain how the money was to be used or how its receipt tended to carry out the conspiracy. That is matter of proof."

These cases are also in point: Coates v. United States (C.C.A.) 59 F.(2d) 173; Galatas v. United States (C.C.A.) 80 F. (2d) 15.

It is also urged with respect to overt acts No. 1 to No. 19, inclusive, that none show that the "alleged fraudulent documents had the legal sanction exacted and required by Section 1511." For the reasons hereinbefore assigned, this objection is untenable, and, further, the charging

part of the indictment includes the allegation that defendant Noble prepared and forwarded reports "on form 1482 prescribed by law, which said reports were false * * *." The statute gives the right to the Commissioner with such approval to require such form to be utilized and the allegation aforesaid and each count recites that Noble executed and signed a document required by law to wit, the report on Form 1482.

The question seems to be settled by cases above cited, and Nicholson v. United States (C.C.A.) 79 F.(2d) 387; United States v. Adielizzio (C.C.A.) 77 F.(2d) 841. In the last-mentioned case, the indictment with respect to this particular question is specially in point.

 It is also asserted that overt acts numbered 20–22, inclusive, are insufficient for the reason theretofore assigned and that they are indefinite, uncertain, and confusing. No merit in these objections appear. These "overt acts" allege that Williams made reports purporting to show amounts of denatured alcohol received and mixed for the manufacture of white distilled vinegar. The charging part of the indictment, as herebefore shown, states in detail the false and fraudulent acts claimed to have been done by Williams. Reading the two together, it is difficult to see how a more definite declaration could have been made.

It is also claimed, as to overt acts No. 23 to No. 25, inclusive, that the pleader failed to disclose the relation between "barrels" as the word is used in the overt acts to gallons as that word is used in the other portion of the indictment. Again, it must be said that the foregoing answers to the prior objections apply here. A "barrel" indicates some quantity, and that was all that it was necessary to recite in the overt act. Both recitals are to be read together. Whether they are two standards of measure is of no moment.

Again, it is claimed as to overt acts No. 23 to No. 26, inclusive, that there is nothing showing that certain of the defendants, officers and employees of the Overland Motor Freight Corporation, were authorized to do the acts charged. As heretofore shown, the indictment charges that the corporation, as well as such individuals, made false entries and reports as to transportation of the alcohol. Further, it is alleged that the corporation was authorized to transport denatured alcohol. These allegations are sufficient to put the defendant corporation to its defense.

An indictment is not defective by reason of any "defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." Title 18, § 556, U.S.C.A. We have gotten away from the ancient technical form of an indictment. We look to the substance as a whole. True, a crime must be charged. The defendant must be advised of the particular charge made for his own aid in the trial and lest he be subjected to double jeopardy. But this indictment not only meets all the requirements of the law, but even may be said to have been framed with greater particularness than required.

I have carefully examined the cases cited on behalf of the defendants and find nothing in conflict with the views hereinbefore expressed.

The motion to quash is denied.