## Case No. 16,410.

### UNITED STATES v. STRICKER.

[12 Blatchf. 389.] 1

Circuit Court, S. D. New York. Dec. 21. 1874.

FORFEITED RECOGNIZANCES—MOTION TO REMIT—PRACTICE.

An action having been brought on a forfeited recognizance, and a motion being made, under section 1020 of the Revised Statutes, to remit the forfeiture. on the ground that the party bound to appear was, when called, in the custody of a state officer under a warrant issued out of a court of the state, in a civil action, held, that the motion must be denied, on the ground that the question could be best determined. on the trial of the action.

This was a motion [against Samuel Stricker], made under section 1020 of the Revised Statutes, to remit the penalty of a forfeited recognizance, on the ground that the party bound to appear was, when called, in the custody of a state officer under a warrant issued out of a court of the state, on a criminal charge.

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

Thomas Harland, for the motion, cited Caldwell v. Com., 14 Grat. 698; U. S. v. Feely [Case No. 15,082]; People v. Bartlett, 3 Hill, 570.

BENEDICT, District Judge, denied the motion, upon the ground that the question could be best determined on the trial of the action which had been brought upon the forfeited recognizance.

UNITED STATES (STROHM v.). See Case No. 13,539.

## Case No. 16,411.

### UNITED STATES v. STRONG.

[2 Cranch, C. C. 251.] 1

Circuit Court, District of Columbia. Oct. Term, 1821.

LARCENY—BAILMENT.

If goods be delivered to a workman for a special purpose, and he afterwards take them away with intent to steal them, it is larceny.

Indictment [against Samuel Strong] for stealing sundry copper bolts, the property of the United States.

The prisoner was a workman in the navy yard and employed in driving such bolts. The bolts were delivered to him from the shop where they were cut. He offered to sell them, having first carried them home to his house.

Mr. Ashton, for defendant, contended that it was not larceny, unless the defendant took them with intent to steal them. No trespass was committed. There must be an unlawful taking. 1 Hawk. P. C. c. 33, § 2.

Mr. Swann, U. S. Dist. Atty., contra, cited 1 Hawk. P. C. c. 33, §§ 5, 6. That if the person to whom the possession of the goods has been delivered by the owner, takes away a part of them, with intent to steal it; as in the case of a carrier, or weaver, or miller, it is larceny; so if one has the bare charge, or the special use of goods, but not the possession of them. as the shepherd, butler, servant, and guest; for in these cases the offence may properly come under the word "cepit."

THE COURT (THRUSTON, Circuit Judge, doubting) instructed the jury that if they should be satisfied by the evidence that the bolts were delivered to the prisoner for the special purpose of driving them into the vessel, and he afterwards took them away, with intent to steal them, it was larceny.

1 [Reported by Hon. William Cranch, Chief Judge.]