## Case No. 14,819.

UNITED STATES v. CLEW.

[4 Wash. C. C. 700.] [1]

Circuit Court. E. D. Pennsylvania.   Oct. Term, 1827.

LARCENY — STEALING BY SERVANT — EVIDENCE— EMBEZZLEMENT.

1. Indictment against a person employed as a servant of the Bank of the United States, for stealing notes, the property of the bank. What evidence is necessary to convict the defendant.

2. The taking by the defendant of an article delivered to him, as a servant, to remove from one room to another, and converting the same to his own use, is larceny, and not embezzlement.

[Cited in Com. v. Berry, 99 Mass. 430.]

The defendant was tried upon two indictments; one for stealing bank notes from the Bank of the United States, and the other for embezzling bank notes, the property of that bank. All the counts in the first indictment charge that the defendant was, at the time the offence was said to have been committed, a person employed as a servant in the Bank of the United States. The offence stated in the first count is, that, on a certain day, he did feloniously steal from the said bank two notes of Stephen Girard for $1,000 each, being the property of the said bank. The other counts state the notes according to their tenor. The evidence is stated in the charge.

WASHINGTON, Circuit Justice. The defendant is charged in the indictment with a felonious stealing of two notes of Stephen Girard for $1,000 each, from the Bank of the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

United States, being the property of that bank, and also for stealing from the said bank, two notes of the said Girard for $1,000 each, the precise tenor of which notes is stated. To warrant a conviction of the defendant on that indictment, it must have been proved to your satisfaction that the notes described in these counts, or in some of them, were stolen by the defendant, he being, at the time, a person employed as a servant in the Bank of the United States.

The evidence is, that the defendant was employed by the Bank of the United States as captain of the watch, and porter. That the tellers of that bank were in the habit of always sending the defendant in the morning into the vaults to bring to them the notes of other banks which had been labelled and deposited there the preceding evening. That on the morning of the 11th of May last, these notes were brought out as usual, and, upon counting them, two notes of Stephen Girard for $1,000 each, Nos. 353 and 354, were missing. Payment of them was immediately stopped at all the banks in the city. In the course of that day, one of these notes was presented at the Commercial Bank to be exchanged, but was refused. This note, Mr. Sylvester has proved he received from the defendant, and that he delivered it to Freeman, a notary, to take to Mr. Girard's bank to demand payment of it there. The loss of the two notes at the Bank of the United States, being known at Mr. Girard's bank, the cashier of this latter bank retained possession of the note, and returned it to the Bank of the United States. The identity of the note, No. 353, presented by Freeman to Mr. Girard's bank for payment and retained, is fully established by the cashier of that bank.

The defendant having been called upon by the assistant cashier and the president of the Bank of the United States, to account for his conduct, denied that he had stolen the notes, but acknowledged that he found them under the counter of the bank, and that he took them, believing that if he did not do so they would be swept out and lost. When this confession was made, the notes were not shown to the defendant, nor were they in fact in the immediate possession of the bank. They were always spoken of to the defendant as "those notes," or "that money."

It is for the jury then to say, upon this evidence, whether the note, No. 353, the tenor of which is described in one of the counts, is sufficiently identified by the testimony of Sylvester and the cashier of Girard's bank, in connection with the other evidence of the defendant's general confession that he had taken two notes which he found under the counter of the bank. If this be not proved, yet, if they are satisfied that the defendant feloniously stole a note signed by Stephen Girard for $1,000, the property of the bank, that will be sufficient under the general count in the indictment.

If the jury are satisfied that the confession of the defendant applies to either of the notes so described, it is sufficient to convict him; because, whether he found the notes under the counter in the bank, or on the counter, if he converted them to his own use, it was a felonious stealing of the property of the bank, within the words and meaning of the sixteenth section of the crimes act of the 3d of March, 1825 [4 Stat. 118].

As to the indictment for embezzling, there is no evidence on which the defendant can be convicted. These bank notes were not entrusted to the defendant to keep, but merely to convey from one part of the banking house to another, to those persons to whom the custody of them was confided. 3 Chit. Cr. Law, 918. If the jury so understand the evidence, they ought to find the defendant not guilty on that indictment.

Verdict, guilty on the indictment for stealing, and not guilty on the other indictment.