## COLLINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 27, 1925. Rehearing Denied October, 20, 1925.)

No. 6909.

Criminal law ⊂⊃878(4)—Verdict held not inconsistent.

Where indictment in three counts charged, first, conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to possess and sell intoxicating liquor, based on two unlawful sales made by co-conspirators, and in the second and third counts charged as specific offenses unlawful sales, alleged in count 1, verdict of not guilty on counts 2 and 3, but guilty on count 1, *held* not inconsistent.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Matt Collins was convicted of a conspiracy to violate the Prohibition Act, and he brings error. Affirmed.

Kelly Brown and P. A. Gavin, both of Muskogee, Okl., for plaintiff in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The indictment in this action contains three counts. The first charges conspiracy to violate the Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the object of the conspiracy being to possess and sell intoxicating liquors. The overt acts charged are two sales of liquor to W. V. German and E. T. Woods, both occurring at different hours on the same day. The second count charges the unlawful sale which is made the first overt act in the first count, and the third count charges the sale which is made the second overt act in the first count. The jury found defendant not guilty on the last two counts, and guilty on the first.

It is contended that the verdict of the jury is so inconsistent as not to support or justify the judgment here under review. There is in fact no inconsistency in the verdict. The conspiracy is charged to have been made by and between the defendant and three other persons. In the paragraph of the first count dealing with the sale charged as the first overt act, the indictment states that the sale was made not by the defendant Matt Collins, but by his three co-conspirators. In both the second and third counts the charge is that the sale was made by Collins and the three other defendants. Defendant Collins alone was upon trial. The question under the second and third counts was: Did he sell the liquor? The jury found that he did not. The question under the first count is whether he conspired with the other three persons named to sell intoxicating liquors, and, as to the overt acts, whether while the conspiracy was afoot, the co-conspirators of defendant made the sales charged as the overt acts. The finding of the jury that defendant did not make the sales in no way conflicts with the charge in the first count that the same were made by his co-conspirators, and were made in furtherance of the conspiracy to which defendant was a party. The judgment must therefore be affirmed.

The defense relies on Rosenthal v. United States (C. C. A.) 276 F. 714. Defendant there, and two others, were indicted on two

counts. The first charged them with having bought 39 cases of cigarettes which had theretofore been stolen from an interstate shipment, and that defendants knew that the property had been stolen at the time they purchased it. The second count charged defendants with having the same property in their possession with like knowledge. They were found not guilty on the first count and guilty on the second. The court based its decision holding the verdict void upon the ground that there was but a single transaction. That, it seems to us, was a misconstruction of the indictment. The first count charges the transaction to have been a purchase of the stolen property with guilty knowledge. The second count charges defendants with having the property in their possession with like knowledge. It is quite plain that they might have the property in their possession without having purchased it. The cases cited to support this decision are not in point.

The judgment is affirmed.