### SEIDEN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 20, 1926.)

No. 248.

**1. Criminal law ⬤═878(4)—Conviction on one count and acquittal on another may stand, though irreconcilable.**

When jury convicts on one count and acquits on another, the conviction will stand, though there is no rational way to reconcile the conflicting conclusions.

**2. Criminal law ⬤═731—Jury has power, though not right, to acquit an accused, however plain his guilt.**

It is within the power of the jury, though not within its right, to acquit an accused, in defiance of law and reason, and however plain his guilt.

**3. Internal revenue ⬤═47(5)—Evidence showing no attempt to remove spirits from place of manufacture held insufficient to sustain conviction for attempt to defraud United States of taxes (Comp. St. §§ 5985, 5986, 5993).**

Under Rev. St. §§ 3251, 3257 (Comp. St. §§ 5985, 5993), and Act Aug. 27, 1894, § 48 (Comp. St. § 5986), tax on liquor is payable on or before removal from distillery, and hence evidence showing only manufacture of spirits, without an attempt to remove from place of manufacture, was insufficient to sustain conviction for attempt to defraud the United States of taxes on liquor.

**4. Internal revenue ⬤═47(5)—Evidence held to sustain conviction for having custody of unregistered still (Comp. St. § 5994).**

Evidence held to sustain conviction, under Rev. St. § 3258 (Comp. St. § 5994), for having possession, custody, or control of an unregistered still, notwithstanding rule that servant has no possession of his master's chattels.

**5. Internal revenue ⬤═47(5)—Evidence held insufficient to sustain conviction for intending to commence or continue business of distilling without furnishing bond.**

Evidence held insufficient to sustain conviction for intending to commence or continue the business of distilling without furnishing a bond; the statute being plainly directed only against proprietor, and offense being such that workman cannot commit or abet it.

In Error to the District Court of the United States for the Southern District of New York.

Hyman Seiden was convicted of attempting to defraud the United States of taxes on liquor while engaged as a distiller, and of other offenses, and he brings error. Reversed in part, and in part modified and affirmed.

Writ of error to a judgment of conviction of the District Court for the Southern District of New York upon four counts of an indictment. Count 1 was for attempting to defraud the United States of taxes on liquor while engaged as a distiller. Count 2 was for having possession, custody, or control of an unregistered still. Count 3 was for intending to commence or continue the business of distilling without furnishing a bond. Count 4 was for manufacturing liquor in violation of the Prohibition Law (Comp. St. § 10138¼ et seq.).

The defendant was found by police officers of the city of New York in a tenement where there was a still in operation and the general paraphernalia for the manufacture of spirits. He was substantially unclothed and the circumstances strongly indicated that he was tending the still. His explanation was that the tenement belonged to others, and that he was using it to change his clothes, preparatory to going about his business in selling butter and eggs. The still and its accouterments had been placed in the tenement, he asserted, by two other persons to whom he had sublet it; at least, he had nothing to do with the manufacture of spirits which was going on there.

The court charged the jury that the issue was as to "who owned or was engaged in this work. * * * He [the defendant] testified that he was engaged, I think, in the butter and egg business, * * * and that he used this room * * * in connection with his work. The defendant disclaims any knowledge of this still, or any connection with it, and this raises the issue for you to settle." Later he charged as follows: "I formally instruct you that, if you find * * * that the defendant is guilty as charged in the indictment, it will be your duty to return a verdict of guilty on the four counts." To this the defendant excepted, suggesting that "there is one charge, * * * the fourth count, which charges the defendant with manufacturing. The other charges are that he had failed to register or to file a bond."

The jury found the defendant guilty on all counts, and he was sentenced to 18 months on each of the first three, and to 6 months on the fourth, all terms to run concurrently. He was also sentenced to a fine of $500 on the first three counts cumulatively.

The only question raised on this writ is as to the correctness of that part of the charge to which the defendant excepted.

Morris D. Reiss, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (C. D. Williams, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before HOUGH, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] We have held that, when a jury convicts upon one count and acquits upon another the conviction will stand, though there is no rational way to reconcile the two conflicting conclusions. Marshallo v. U. S. (C. C. A.) 298 F. 74; Steckler v. U. S. (C. C. A.) 7 F.(2d) 59. If they will, jurors may set at defiance law and reason and refuse to find the accused guilty; when they do, he escapes, however plain his guilt. But, though that is within their power, it is not within their right; they are as much bound by the law as a court. No judge is bound to recognize, or even to mention, that power in his dealings with them; on the contrary, he may and ordinarily should direct them to convict, if they find the necessary facts. Indeed, if these be admitted, he may even in substance, if not in form, direct them outright to convict. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185.

We can see no reason in the case at bar why the judge should not have done in one sentence what he might have done in four, and the only question which can arise is whether the single issue which he left them established the defendant's guilt under all four counts. If that issue be interpreted as meaning that the defendant was the proprietor of the still, all counts but the first were proved. Probably that is what the judge meant, but we think it not altogether clear. The jury might have found him only "engaged in the work," and that is scarcely the equivalent of being the proprietor of the still. The distinction was pointed out, but the charge was not mended. Hence we think we must treat the case as though the jury had found the defendant only to have been engaged in the work, and by that we understand that he might have been no more than a workman for the owner of the still.

[3] The first count was for attempting to defraud the United States of taxes while engaged as a distiller, R. S. § 3257 (Comp. St. § 5993). Under R. S. § 3251 (Comp. St. § 5985), and the Act of August 27, 1894, § 48 (Comp. St. § 5986), the tax is made payable on or before removal from the distillery or warehouse where the spirits are made or kept, and the United States cannot be said to be defrauded until they are removed. The manufacture of spirits is in our judgment rather a step preparatory to the fraud than an attempt to commit it, United States v. Stephens (C. C.) 12 F. 52. It is only when the spirit is about to be moved from the distillery that the series of acts is broached, the commission of any part of which constitutes an attempt. The defendant was therefore not guilty under the first count, even if the owner of the still.

[4] Count 2 was for having possession, control, or custody of an unregistered still. Ordinarily, a servant has no possession of his master's chattels left in his keeping, and this

was the basis of the common-law rule that he could be guilty of larceny, U. S. v. Clew, 25 Fed. Cas. 480, No. 14,819; U. S. v. Strong, 27 Fed. Cas. 1356, No. 16,411. But it has never been doubted that a servant to whose keeping chattels were consigned, had their custody, and we are disposed to think that the word was used in Revised Statutes, §· 3258 (Comp. St. § 5994), with this distinction in mind. If the defendant was engaged in operating the still and was, as was conceded, alone upon the premises, it followed that it had been left in his custody, if only temporarily. It seems to us mere sophistry to suggest that any one could suppose an illicit still in a New York tenement was registered, and the defendant's ignorance, if it existed, that the law required registry, was irrelevant.

[5] Count 3 was for intending to commence or continue the business of distilling without a bond. This section was plainly directed only against the proprietor, and a workman cannot commit or abet it. It is not disputed that the defendant was guilty under count 4.

It follows that, while the judgment upon counts 1 and 3 must be reversed, it must be affirmed on counts 2 and 4. We may therefore dispose of the case by modifying the sentence and affirming the judgment as modified.

Sentence modified by reducing the fine from $1,500 to $500, and, as so modified, judgment affirmed.