## LAMBERT et al. v. UNITED STATES. *

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5419.

1. **Intoxicating liquors** ☞226—**In proving reputation of place in liquor prosecution, proof of specific acts is not proper.**

In proving general reputation of a place in liquor prosecution, proof of specific acts is not proper.

2. **Criminal law** ☞696(5)—**In liquor prosecution, refusal to strike testimony regarding specific acts, by witness testifying regarding reputation of place, held not error, in absence of timely objection to question.**

Refusal to strike answer of witness testifying regarding general reputation of place in liquor prosecution, telling of specific acts, *held* not abuse of discretion, in absence of timely objection to question, since one cannot speculate as to what testimony will be, and then move to strike answer, if not to his liking.

3. **Criminal law** ☞878(4)—**In liquor prosecution verdict of guilty on nuisance count and verdict of not guilty on possession and sales counts of earlier dates held not inconsistent.**

In liquor prosecution, verdict of guilty on nuisance count *held* not so inconsistent with verdict of not guilty on possession and sales counts of earlier dates that verdict should not be permitted to stand, where there was testimony tending to prove nuisance count, outside of and in addition to testimony offered in support of possession and sales counts.

4. **Intoxicating liquors** ☞236(6½, 9)—**Evidence held insufficient to support conviction of employee in store of possessing liquor and maintaining nuisance.**

Evidence *held* insufficient to support conviction of employee in cigar, tobacco, and sporting goods store for possessing liquor and for maintaining a nuisance, where evidence showed merely that he knew what was going on about him, since such knowledge on his part, standing alone, did not constitute a crime.

5. **Intoxicating liquors** ☞236(6½, 9)—**Evidence held sufficient to support conviction of proprietor of place for possessing liquor and maintaining nuisance.**

Evidence *held* sufficient to support conviction of proprietor of cigar, tobacco, and sport-

ing goods store of possessing intoxicating liquor and maintaining a common nuisance.

6. **Intoxicating liquors** ☞236(9)—**Evidence held sufficient to support conviction of employee of store for maintaining a nuisance.**

Evidence *held* sufficient to support conviction of employee in cigar, tobacco, and sporting goods store for maintaining a nuisance.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

A. D. Lambert and William Barnes were convicted of possessing liquor, and A. D. Lambert, William Barnes, and L. D. Rice were convicted of maintaining a nuisance, and they bring error. Reversed as to Barnes, and affirmed as to the others.

F. H. Mills, of Klamath Falls, Or., for plaintiff in error Barnes.

Emmons, Lusk & Bynon, of Portland, Or., and W. H. A. Renner, of Klamath Falls, Or., for plaintiffs in error Lambert and Rice.

George Neuner, U. S. Atty., of Portland, Or.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. Between the latter part of 1925 and the end of 1926 one Lambert was the proprietor of a place in Klamath Falls, Or., for the sale of cigars, tobacco, and sporting goods. For about a year prior to November 30, 1926, one Barnes was in the employ of Lambert in the place in question. December 1, 1926, one Rice succeeded Barnes, and was in the employ of Lambert until the end of the year. The last few days of December, Barnes substituted for Lambert or Rice during their illness. In the summer and fall of 1926, one Evanson and one Miller were engaged in the business of selling intoxicating liquor in and about Klamath Falls. An indictment was returned against the five parties above named, charging a conspiracy to possess and sell intoxicating liquor, and, as overt acts, the possession and sale of intoxicating liquor on divers dates between December 16 and December 31, 1926. Counts 2 to 13, inclusive, charged the possession or sale of intoxicating liquor on the aforesaid dates, as set forth in the conspiracy count; count 14 charged the unlawful possession of intoxicating liquor on December 31, 1926, and count 15 charged the maintenance of a nuisance on the latter date. Testimony was offered on the trial tending to prove the several sales charged as overt acts in the conspiracy count and as independent crimes in the remaining counts. These

*Rehearing denied Aug. 6, 1928.

sales were all made by either Evanson or Miller, except the sale on December 16, which the testimony tended to show was made by Rice. The liquor in each instance was sold in bottles and was taken from a back room in the Lambert store. On December 31 the place was raided by prohibition agents, and four bottles of intoxicating liquor were found concealed in the room back of the store from which the liquor was taken on the previous sales. On the foregoing testimony the jury returned a verdict of not guilty as to the conspiracy count, and not guilty as to all possession and sales counts prior to December 31. A verdict of guilty was returned as against Barnes and Lambert on the count charging possession on December 31, and as against Lambert, Barnes, and Rice on the nuisance count. It might be stated here that Evanson and Miller entered pleas of guilty and were not on trial with the remaining defendants.

[1, 2] A witness called by the government testified that he knew the general reputation of the Lambert place during the summer and fall of 1926, and that it was known as a place where intoxicating liquor was kept and sold. The witness was then asked the following question: "Go ahead and tell what you know." The answer was: "While I was district attorney, I had a great many complaints coming in about the place; that it was a place where liquor was being vended. An investigation at the time served in convicting some of the bootleggers that had been using the place as a hang-out place. It was known as a place where liquor was sold and a place where bootleggers congregated." A motion to strike the answer was overruled and an exception allowed. This ruling is assigned as error.

In a certain class of cases it is competent to prove the general reputation of an individual or a place. This is an exception to the hearsay rule, but the exception does not extend so far as to permit of the proof of specific acts, and the rule was violated here. However, the answer was in a measure responsive to the question, and the question itself was not objected to. A party will not be permitted to speculate as to what the testimony will be, and then move to strike the answer if not to his liking. We cannot say, therefore, that there was an abuse of discretion in refusing to strike the answer, in the absence of a timely objection to the question. In addition to this, we might add that the proof was clear and convincing that intoxicating liquor was kept for sale and sold at the place in question over a considerable period

of time, and the record leaves no room to doubt that a nuisance was maintained there; the only question being as to who in fact maintained it.

[3] It is next contended that the verdict of not guilty on the first 13 counts of the indictment was so inconsistent with the verdict of guilty on the 2 remaining counts that the verdict should not be permitted to stand. There is a diversity of opinion in the different circuits as to the effect of an inconsistent verdict, where there are different counts in the same indictment or information. In a number of cases in the Second circuit it has been held that, where a jury convicts upon one count and acquits upon another, the conviction must stand, though there is no rational way to reconcile the two conflicting conclusions. Marshallo v. United States, 298 F. 74; Steckler v. United States, 7 F.(2d) 59; Seiden v. United States, 16 F.(2d) 197. A similar rule obtains in the Sixth and Seventh circuits. Gozner v. United States, 9 F.(2d) 603; Carrignan v. United States, 290 F. 189. On the other hand, it has been held in the Eighth circuit, under similar circumstances, that a conviction will not be allowed to stand, unless the verdict of guilty is supported by evidence other than the evidence offered in support of the counts upon which an acquittal has been had. Peru v. United States, 4 F.(2d) 881; Murphy v. United States, 18 F.(2d) 509. A similar rule obtains in the Third circuit. John Hohenadel Brewing Co. v. United States, 295 F. 489. But such inconsistency as existed in this case was not fatal under either rule. There is no inconsistency in a verdict finding a party guilty of possessing intoxicating liquor on December 31 and a verdict finding the same party not guilty of possessing or selling intoxicating liquor on prior dates, even though the testimony in support of the several counts may be substantially the same. So there is no inconsistency between the verdict of guilty on the nuisance count and the verdict of not guilty on the possession and sales counts of earlier dates, because there was testimony tending to prove the nuisance count, outside of and in addition to the testimony offered in support of the possession and sales counts.

[4] As to the sufficiency of the testimony to support the conviction against the several plaintiffs in error, little need be said. We find nothing in the record tending to show that the plaintiff in error Barnes possessed or sold intoxicating liquor, or maintained a common nuisance, or that he aided and abetted others in so doing. He was employed in

the place for a lawful purpose, and the most and the worst that can be said against him is that he knew what was going on about him. But for this he was not prosecuted, and such knowledge on his part, standing alone, did not constitute a crime.

[5] The plaintiff in error Lambert was proprietor of the place, and we think the jury was warranted in finding that he knowingly provided the room in which intoxicating liquor was possessed, kept, and sold, and to that extent at least he aided and abetted others in possessing intoxicating liquor and in maintaining a common nuisance.

[6] There was testimony tending to show that the plaintiff in error Rice made a sale of liquor on the premises on December 16, stating at the time that he was a partner of the defendant Miller, who confessedly was engaged in the business of selling intoxicating liquor. If it be said that this testimony should be disregarded, because there was a verdict of acquittal as to that transaction, there was other testimony tending to show that on another occasion Rice, after using the telephone, stated that one person had ordered a bottle, and that another person desired two bottles, but they were being watched, and he did not like to make a delivery from the place. The jury was therefore warranted in finding that Rice aided and abetted others in maintaining the nuisance.

For these reasons, the judgment is reversed as to the plaintiff in error Barnes on both counts, and as to the other two plaintiffs in error the judgment is affirmed.