## MEUCCI v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5489.

S. A. Gagliardi and R. C. Carlson, both of Tacoma, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

HUNT, Circuit Judge. In an indictment containing three counts, Meucci, and Biggi and Paslini, were charged in count 1 with conspiracy, in May, 1927, to manufacture, sell, and possess intoxicating liquor, in count 2 with carrying on the business of distilling without having given bond as required, and in count 3 with having made and fermented about 18,000 gallons of mash fit for distillation of spirits. The overt acts charged in the conspiracy count were that about May 3, 1927, defendants possessed a still near Tacoma, Wash.; that about the same time they possessed 500 gallons of mash fit for distillation; that about the 5th of May they possessed about 50 gallons of intoxicating liquor and approximately 1,800 gallons of mash fit for distillation. Biggi was convicted under all counts, while Meucci and Paslini were convicted under the conspiracy count only. Meucci appeals, contending that the evidence was insufficient to sustain the verdict against him for conspiracy.

█ A prohibition agent, and others with him, while concealed near a barn, saw defendant Paslini go into the barn and, after remaining there a few minutes, come out and motion to Meucci and another defendant, who were in the woods near by, to come over. Meucci, who was carrying a package which afterward was found to contain food, and the other two defendants, went into the barn and remained there for about half an hour. When they came out, Meucci had a bottle from which the three took drinks. Meucci then put the bottle down under a plank, and as the three started to walk away from the barn the officers arrested them. In the barn were found a still, some tanks, a quantity of mash, some moonshine whisky, and an oil stove. The premises were under lease by one Martin, owner, to Biggi. Martin testified that about February he leased the property to Biggi; that he had seen Biggi and Meucci outside around the distillery some time about April or May, 1927; and that at times, as he had

passed by the barn, he heard the distillery running. Biggi testified that he leased the premises from Martin; that the still belonged to him (Biggi); that nobody else had any interest in it; that none of the defendants helped him run the pipe to the still; that upon the day of the arrest he took Meucci with him to the barn for the purpose of giving him a drink; that Meucci was not there in the latter part of March; that the mash and everything else in the barn belonged to him; that there was a bottle of moonshine hidden in a manure pile outside the barn; that Meucci did not go into the barn and come out with a bottle; that upon the day of the arrest he and Meucci and another defendant were hiding in the woods, and that he had sent Paslini to see if there was any one in the barn. Meucci did not testify.

We are of opinion that the evidence was properly submitted to the jury. The circumstances of association with Biggi at the place where the distillery was, of defendant deliberately hiding and remaining hidden until signaled to go, of answering the signal by going into the barn, of bringing the bottle of liquor out of the barn, were damaging, and, coupled with other evidence, were sufficient to justify the jury in concluding that there was no reasonable doubt that Meucci was in a combination unlawfully to possess the liquor, or some of that which was found in the barn.

Verdict of acquittal under counts 2 and 3 is not necessarily inconsistent with conviction under the conspiracy count. It may be that Meucci did not carry on the business of distilling, or participate in the making and fermenting of the mash found in the barn and yet that he did knowingly combine with the other to possess some of the liquor which he found in the building.

Judgment is affirmed.