## HESSE v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 22, 1928.

No. 5469.

M. O. Wilkins, of Chiloquin, Or., and G. A. Hall, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Forrest E. Littlefield, Asst. U. S. Atty., both of Portland, Or.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, C. J. This is an appeal by Grace Hesse from a judgment of conviction for the unlawful sale of intoxicating liquor. An information was filed jointly against the appellant and one Lilla containing seven counts. The first six counts charged the unlawful sale or unlawful possession of intoxicating liquor on different dates, and the seventh count charged the maintenance of a common nuisance. A verdict of not guilty was returned as to the defendant Lilla on all counts, and a like verdict as to the appellant Hesse on all counts save the fifth, which charged the unlawful sale of intoxicating liquor on October 22, 1927. The testimony on the part of the government tended to show that an informer, at the request of federal agents, went to the back door of the Hesse residence and asked the appellant for moonshine whisky. She replied, "All right," and called Lilla. Lilla delivered a bottle of whisky to the informer and received a marked $5 bill in payment. This he handed to the appellant, who accepted it and gave the informer $2 in change. The sixth count of the information charged the unlawful possession of intoxicating liquor on October 22, 1927, by the appellant and Lilla, and it is now earnestly insisted that the verdict on the fifth and sixth counts was utterly inconsistent, inasmuch as the jury found the appellant guilty of the sale of intoxicating liquor and not guilty of possessing the liquor sold.

There is a wide diversity of opinion in the different circuits as to the effect of an inconsistent verdict where there are different counts in the same indictment or information. The conflicting decisions were referred to by this court in Lambert v. United States, 26 F.(2d) 773, but we did not then find it necessary to adopt or approve either rule, nor do we now.

As said by the court in Albrecht v. United States, 273 U. S. 1–11, 47 S. Ct. 250, 254, 71 L. Ed. 505: "One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case."

On the testimony above set forth, the jury was warranted in finding that the appellant sold the intoxicating liquor as charged, even though she did not possess it. It is apparent from the record that the jury was satisfied beyond a reasonable doubt that the appellant sold the liquor as charged, but was not so satisfied as to who possessed the liquor before the sale.

For this reason the verdict on the two counts was not necessarily inconsistent, and the judgment is affirmed.