## UNITED STATES v. ANDERSON et al.

Circuit Court of Appeals, Ninth Circuit.
March 11, 1929.

No. 5427.

G. C. Nolte and Wesley Lloyd, both of Tacoma, Wash., for appellants.

Anthony Savage, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an appeal by Gus Anderson and Orvis Johnson from a judgment of conviction and sentence of Anderson for a conspiracy to violate the National Prohibition Act, and Johnson for a conspiracy to violate and the violation thereof.

They were jointly indicted with John Berg and Arthur Johnson. Arthur Johnson was not tried. The indictment contains three counts. The first charges a conspiracy to violate the National Prohibition Law, and alleges as overt acts the possession by the defendants of mash fit for distillation, the operation of a still, and the possession of intoxicating liquors. Count 2 charges a violation of law by carrying on the business of

a distiller without giving bond as required by law; and the third charges the making and fermenting of mash fit for distillation of spirits not in a distillery authorized by law.

Anderson was convicted on the first count, and found not guilty on the other two. Johnson and Berg were convicted on all counts. Anderson and Johnson moved for a directed verdict and for new trial, and Anderson for a dismissal notwithstanding the verdict, on the ground that his acquittal on counts 2 and 3 was tantamount to an acquittal on the first count. These motions were overruled.

It is unnecessary to allude to the evidence, further than to say that we have read it, and it was, in our judgment, amply sufficient to support the verdicts. There was no error in overruling the motions for a directed verdict and for a new trial.

It is claimed on behalf of Anderson that the verdict of guilty on count 1 was so inconsistent with the verdict of not guilty on counts 2 and 3 that it should not be permitted to stand. There is a diversity of opinion in the different courts as to the effect of an inconsistent verdict, where there are different counts in the same information or indictment. Lambert v. United States (C. C. A.) 26 F. (2d) 773. But, whatever the true rule may be, there is no fatal inconsistency here. The law declares that, if two or more persons conspire to commit an offense against the United States, and one or more of such persons does any act to effect the object of the conspiracy each shall be guilty. Section 37, Criminal Code; 18 USCA § 88.

A conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy, and it is not necessary that all the conspirators join in the overt acts. Bannon and Mulkey v. U. S., 156 U. S. 464, 15 S. Ct. 467, 39 L. Ed. 494; Williamson v. U. S., 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; U. S. v. Rabinowich, 238 U. S. 79, 35 S. Ct. 682, 59 L. Ed. 1211. Therefore a verdict of not guilty of the substantive offense is not legally inconsistent with a verdict of guilty of a conspiracy to commit such an offense, although the overt acts in the conspiracy charge are the same as those alleged as substantive offenses. Dealy v. U. S., 152 U. S. 539, 14 S. Ct. 680, 38 L. Ed. 545; Rothman v. U. S. (C. C. A.) 270 F. 31.; Collins v. U. S. (C. C. A.) 7 F. (2d) 615; Meucci v. U. S. (C. C. A.) 28 F.(2d) 508; Hacker v. U. S. (C. C. A.) 5 F.(2d) 132.

It may be difficult, in view of the rule that the act of one conspirator in furtherance of the object of the conspiracy is the act of all, to understand the reasoning of the jury in convicting Anderson on the conspiracy charge, and not the substantive offenses; but it is not for us to speculate on that question. It is enough that the verdict on the conspiracy charge is supported by the evidence and responds to the issue.

Judgment affirmed.