## UNITED STATES v. TYRUS et al.

District Court, W. D. Washington, N. D.
June 27, 1929.

No. 40012.

Anthony Savage, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash.

Thos. P. Revelle, of Seattle, Wash., for defendant.

BOURQUIN, District Judge. With others charged with maintenance of a common nuisance contrary to the Volstead Act (27 USCA), defendants Tyrus are tried to the court.

From the evidence it appears that the premises are in downtown Seattle. One Hamilton, who was likewise charged and pleaded guilty, was proprietor and engaged defendants Tyrus as vaudeville or musical performers therein. The street level was a restaurant from which was access through two barred and guarded doors to a stairway to the basement. In the latter were two connected rooms some 15 feet square, the first containing a piano and a service table. Throughout all, intoxicating liquors were unlawfully sold and consumed by patrons who might also bring their own, and who could dance in the basement when so inspired.

The nature of the business and the nuisance were obvious and known to defendants. Their arrangement with Hamilton and for some five weeks was on his call to attend and entertain his "parties" or patrons, and their compensation was only any gratuities or tips which patrons might deposit in the "Kitty" on the piano.

The law (in principle that of application to criminal offenses in general) is that those engaged in maintaining the nuisance or in abetting Hamilton therein are guilty of the offense charged. The law also is that those who knowingly contribute to keep up the nuisance, or likewise supply whatever is necessary or which facilitates it, maintain it, and those who by prearrangement are present, with intent to approve, favor, encourage, or countenance the nuisance, abet it.

The offense herein charged is not unlawful sales of intoxicating liquors, but is that of a place of common nuisance by reason of such sales. All associated in the place had a common object, viz. to attract patrons and business by various activities. Of these latter, some (defendants') taken alone were lawful, some (the sale of intoxicating liquors) unlawful; but all, taken together, were jointly contemplated and intended to accomplish the object aforesaid and to profit the associates. And even as a little leaven leaveneth the whole lump, so did the unlawful attach criminality to the lawful co-operating to the common end, which is but to say that, though the object of any association of persons be lawful, and the means employed are mainly lawful, yet if they contemplate any the unlawful means employed by any one of them, all are guilty of the consequences—the settled law of conspiracy.

So here, defendants' performances taken alone were lawful, but they were by preconcert to further the common object to attract patrons and business, and in which were contemplated the unlawful sales of liquors by some of their associates, made in their presence and in continuance of the place of common nuisance wherein defendants performed. Thus defendants had a part in keeping up the nuisance and in supplying entertainment to facilitate it. They knowingly and intentionally countenanced and encouraged it, and joined with others in making that whoopee which favored the nuisance. In short, they maintained and abetted it. That Hamilton paid defendants nothing is not vital. Guilt attaches to the gratuitous as-to the hired criminal.

At the same time Hamilton compensated defendants by permitting them to use his premises wherein they could ply their arts to wheedle money from his patrons—one strong circumstance of those from which is inferred that defendants contemplated, favored, encouraged, and countenanced unlawful sales of liquors to reduce customers to mellow, if not maudlin, generosity. It is true that in Lambert v. United States (C. C. A.) 26 F.(2d) 773, the appellate tribunal holds that a mere employee in a store wherein the proprietor maintains a common nuisance is not guilty, though he knew of it, that "such knowledge on his part, standing alone, did not constitute a crime." Without further attempting to distinguish said case, it suffices to say that the instant case discloses the employees (defendants) not only

knew of the nuisance, but also participated in it.

Accordingly the court finds the defendants guilty as charged. Sentence in 24 hours.