## DUNN v. UNITED STATES.

### No. 6329.

Circuit Court of Appeals, Ninth Circuit.

June 8, 1931.

Rehearing Denied July 22, 1931.

Eugene S. Selvage, of Eureka, Cal., and Clifford A. Russell, of Sacramento, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR, and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Appellant was tried on an indictment containing three counts. He was acquitted

upon the second and third counts and convicted upon the first count. Appellant contends that the verdicts are inconsistent and seeks a reversal upon that ground. The liquor involved in the three counts is the same, five drinks of whisky and one drink of beer. It is charged in the third count that this liquor was unlawfully sold on the 26th day of June, 1930. In the second count it is charged that this liquor was unlawfully possessed on the 4th day of July, and in the first count that the appellant maintained a common nuisance on the 4th day of July, 1930, at 301 Second street, Eureka, Humboldt county, Cal., in keeping for sale at said place the liquor described in the second and third counts.

Upon the trial appellant testified, and his counsel stipulated, that he was the owner of the place above described. It appears from the evidence that this place was fitted up with a bar in a rear room and another in a cigar store in a front room. The rear room was used as a pool room and was fitted up for the sale of drinks. Appellant testified that the bar in the rear room was equipped with whisky glasses in which he dispensed "bitters." Two prohibition officers testified they entered the premises with two unknown men, called for and paid for drinks which were served over the bar without any apparent attempt at secrecy. The prohibition officers identified the appellant as the person who sold them the drinks at the time and place in question. If the case had been submitted to the jury upon this evidence alone, the question of the inconsistency of the verdict would present a somewhat different aspect than that presented by the record before us. The appellant took the stand on his own behalf and produced witnesses who testified to the effect that on the 26th day of June the appellant was not in the premises at the time and place of sale, but was returning from a ranch about two hours distant, arriving there after the time of the alleged sale. In addition to this evidence, the government's witnesses were cross-examined with a view of creating a doubt as to the accuracy of their testimony concerning the identity of the person who sold the liquor to them at the time and place in question. The evidence, however, on all counts, related solely to a transaction on the 26th day of June, and there is no evidence of any sale or possession on the 4th of July. It is pointed out in the briefs, as it has been in a number of our decisions, that there is a conflict in the decisions of our Circuit Courts of Appeal upon the question of inconsistent verdicts.

The matter has been presented to this court in a number of cases in which this court has found it unnecessary to determine which line of authority it would adopt. This court has been able so far in cases presented to it to steer a middle course. Lambert v. U. S. (C. C. A.) 26 F.(2d) 773; Hesse v. U. S. (C. C. A.) 28 F.(2d) 770; U. S. v. Anderson (C. C. A.) 31 F.(2d) 436, 437; Pankratz Lumber Co. v. U. S. (C. C. A.) 50 F.(2d) 174, decided May 25, 1931. In U. S. v. Anderson, supra, the decision was delivered by District Judge Bean. In that case it was held that where the verdicts were not legally inconsistent the verdict of guilty would not be reversed if it were supported by the evidence notwithstanding the fact that the acquittal upon some of the counts charging overt acts as separate offenses was difficult to reconcile with the verdict of the jury, stating in that connection: "It may be difficult, in view of the rule that the act of one conspirator in furtherance of the object of the conspiracy is the act of all, to understand the reasoning of the jury in convicting Anderson on the conspiracy charge, and not the substantive offenses; but it is not for us to speculate on that question. It is enough that the verdict on the conspiracy charge is supported by the evidence and responds to the issue."

Our more recent opinion, delivered by Judge Neterer, is to the same effect; that is, that where the offense is separate and distinct and supported by the evidence, the fact of the acquittal of other defendants through whom the defendant corporation was acting, did not require the reversal of the conviction of the corporation, although the corporation acted through the defendants who were acquitted.

In the case at bar there is no legal inconsistency between an acquittal upon the charges of sale and possession and the conviction upon a charge of nuisance. The inconsistency, if any, arises from the fact that the evidence on behalf of the government with reference to the three offenses is identical, and it is illogical for a jury to accept the testimony of these witnesses on one count and reject them on the other two. But this apparent inconsistency is largely dispelled by a consideration of the evidence offered by the defense. This evidence was calculated to, and no doubt did, raise a reasonable doubt in the minds of the jury as to whether or not the defendant personally sold the liquor to the government agents at the time and place in question. In view of the fact that the jury was instructed that the appellant might act

through agents and employees and was instructed in effect that if he so acted through an agent or employee in possession or sale of liquor he was guilty as a principal of the illegal sale and illegal possession, the effect of the verdict is that the jury had a reasonable doubt as to whether or not the person who sold the liquor at the time and place in question was acting as the agent for and under the authority of the appellant. The evidence showed that appellant had several employees, including his brother, operating his place of business. The verdict of the jury on the first count shows that they are satisfied beyond a reasonable doubt that the premises were kept and maintained and liquor was there possessed for purposes of illegal sale, and while they are not able to say beyond a reasonable doubt that the actual sale was made by an authorized agent of the appellant, they were convinced that the appellant kept the liquor there for the purpose of, sale. As pointed out in U. S. v. Anderson, supra, it is not the province of this court to try to determine the basis for the verdict of the jury. Under our system of law the jury is the sole judge of the facts and the credibility of witnesses and their verdicts are not to be overturned because they seem illogical.

The case of Rosenthal v. U. S. (C. C. A.) 276 F. 714, opinion by Judge Ross, is cited by the appellant in support of his contention. This decision was explained by the author thereof in a subsequent decision by this court involving an indictment containing two counts, one charging unlawful possession of liquor, and the second charging the maintenance of a common nuisance by selling liquor in a designated place of business. In the latter case it is held that the record failed to show that the two alleged offenses related to the same transaction. The decision is criticized in an opinion by Judge Amidon, sitting in the Circuit Court of Appeals of the Eighth Circuit, Collins v. U. S., 7 F.(2d) 615, 616. It is also cited in the same circuit in Morris v. U. S. (C. C. A.) 7 F.(2d) 785. In Carrignan v. U. S. (C. C. A.) 290 F. 189, 190, in an opinion by Judge Evan A. Evans, the Rosenthal Case was cited and distinguished from the case involving an unlawful sale of liquor and the maintenance of a public nuisance on the ground that the latter were separate and distinct offenses, holding that an acquittal of the unlawful sale was not inconsistent with a conviction of maintaining a nuisance. Referring to Rosenthal v. U. S., supra, it is said: "In that case [Rosenthal v. U. S.] the defendant was charged with having purchased and received stolen property, with knowledge that it was stolen, and also charged by another count with having the same property in his possession, with like knowledge, the evidence showing that the two counts related to the same transaction. The second offense charged was but a part of the first offense, and separate convictions for the two alleged offenses could not have been sustained. It was therefore held that a verdict of not guilty on the first count necessarily relieved defendant from liability on the second count."

It is sufficient for the purposes of this case to say that the decision in Rosenthal v. U. S., as explained later by its author in Baldini v. U. S. (C. C. A.) 286 F. 133, in so far as it is inconsistent with the views we have expressed, is modified by our subsequent decisions hereinbefore cited.

The fact that the appellant interposed an alibi and thus raised a clear distinction as to the evidence to support the charges in the three counts of the indictment, together with his admitted ownership of the place in which it was charged that the common nuisance was maintained and the inferences with relation thereto resulting from the readiness with which intoxicating liquor was produced and sold in such place upon the request of four strangers, sufficiently differentiated the evidence as to the separate counts as to require an affirmance even under the rule most favorable to defendants as to inconsistent verdicts.

■ The appellant excepted to portions of the closing argument of the district attorney and assigned the making of said argument as misconduct. The argument excepted to was to the effect that inasmuch as the defendant had testified that his son and a boy friend, two ranch hands, and two neighbors knew of his visit to his ranch on the day of the alleged sale of liquor by the appellant, that "any one of these would have established the fact that he was out there." The exception was on the ground that it was not incumbent on the defendant to produce any witnesses and that the witnesses were available to the United States attorney's office if they desired to call them. The court, upon motion of the defendant, instructed the jury to "eliminate those remarks." A similar exception was made to the argument of the district attorney that the appellant had not "produced the man with the missing tooth." The court instructed the jury that the position of the appellant was correct, that it was not incumbent upon the defendant to prove his innocence, but it was incumbent upon the government

to prove the defendant guilty beyond a reasonable doubt. They were thereupon instructed to disregard the remarks made by the district attorney "with reference to the inability or failure of the defendant to produce a witness here with a missing tooth, or to produce any other witness." In view of the instruction of the trial court in response to the appellant's motion and in view of the verdict of the jury upon the two counts charging the appellant with having made the sale and having possessed the liquor, it is evident that the appellant was not harmed by the statement of the district attorney.

We do not wish to be understood as deciding whether or not the comment of the district attorney upon the failure to produce the witnesses referred to was erroneous. The question is one of some difficulty [Graves v. U. S., 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021; Rostello v. U. S. (C. C. A.) 36 F. (2d) 899; citing 16 Cor. Jur., § 1023; 10 R. C. L., § 886], and the action of the trial court in granting the motion of the appellant was a wise disposition of the matter.

A more serious breach of propriety on the part of the district attorney is the following statement: "Now, the alibi is proved by one of the most contemptible methods that I have ever observed in a court." It is difficult to understand from the record the basis of the statement of the district attorney as to the "contemptible methods" used in establishing an alibi unless the term is used in the sense of "pitifully inadequate." However, the elaboration of the argument of the district attorney and the ground of objection thereto was directed wholly to the failure of the defendant to call corroborating witnesses who were available to him, and, as we pointed out, the error, if any, in that regard was cured by the action of the trial judge. We may add here that being unable to see any justification for the use of the word "contemptible" or any basis in the record for such a claim, counsel were requested upon the argument to enlighten the court upon that subject, and in response to the question of the court it appears that the statement of the district attorney was predicated upon an answer elicited from one of the appellant's witnesses upon cross-examination by the district attorney himself and not by the accused. It is sufficient, however, to say that the matter was not effectively called to the attention of the court, and that the court instructed the jury to disregard "these remarks."

Judgment affirmed.